IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| RODNEY JEROME FOSTER, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-CV-1955-D |
| ) | |
| LORIE DAVIS, Director TDCJ-CID ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for aggravated assault with a deadly weapon. *State of Texas v. Rodney Jerome Foster*, No. F-1271589-J (3rd Crim. Dist. Ct., Dallas County, Tex., Mar. 6, 2013). Petitioner was sentenced to twenty years in prison. On May 16, 2014, the Fifth District Court of Appeals modified the judgment and affirmed. *Foster v. State*, No. 05-13-00390-CR, 2014 WL 2090011, (Tex. App. – Dallas, May 16, 2014.) On September 24, 2014, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. PDR No. 0757-14.

On September 18, 2015, Petitioner filed a state habeas petition challenging his conviction. *Ex parte Foster*, No. 84,160-01. On November 25, 2015, the Court of Criminal Appeals denied the petition without written order.

On June 27, 2016, Petitioner filed the instant § 2254 petition. He argues (1) he received ineffective assistance of counsel when counsel failed to adequately prepare for trial; and (2) he is actually innocent.

On September 27, 2016, Respondent filed her answer arguing, *inter alia*, that the petition is time-barred. On October 21, 2016, Petitioner filed a reply. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court,

On September 24, 2014, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. The conviction became final ninety days later, on December 23, 2014. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until December 23, 2015, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On September 18, 2015, Petitioner filed a state habeas petition. This petition tolled the limitations period for 68 days, until it was denied on November 25, 2015. When 68 days were added to the limitations period, Petitioner's new deadline became February 29, 2016.

Petitioner was required to file his § 2254 petition by February 29, 2016. He did not file his petition until June 27, 2016. The petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

---

if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation of the United States Magistrate Judge**     Page -3-

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Petitioner argues he is entitled to equitable tolling because his counsel was ineffective. This alleged ineffective assistance occurred before Petitioner's conviction became final, and Petitioner has failed to show how it prevented the timely filing of his § 2254 petition. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling.

## C. Actual Innocence

Petitioner argues he should be excused from the limitations period because he is actually innocent. The Supreme Court has recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Petitioner has failed to meet this high standard. He has failed to submit any new evidence to support his claim. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**     Page -4-

## III. Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 31 day of August, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).